**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF TEXAS**
**DALLAS DIVISION**

| | | |
|---|---|---|
| BOSTON RETIREMENT SYSTEM AND NS PENSION PUBLIC EQUITY FUND, Individually and on behalf of all others similarly situated, | § | |
| *Plaintiffs* | § | |
| v. | § | Civil Action No.: 3:26-cv-02416-B |
| PRIMORIS SERVICES CORPORATION, KOTI VADLAMUDI, DAVID KING, KEN DODGEN, and JEREMY KINCH | § | |
| *Defendants* | | |

**JOINT STIPULATION REGARDING**
**SERVICE AND DEFERRAL OF DEFENDANTS' RESPONSE DEADLINE**

Plaintiffs Boston Retirement System and NS Pension Public Equity Fund ("Plaintiffs") and Defendants Primoris Services Corporation ("Primoris"), Koti Vadlamudi, David King, Ken Dodgen, and Jeremy Kinch (collectively, "Defendants," and together with Plaintiffs, the "Parties"), by and through their respective undersigned counsel, hereby stipulate and agree, subject to the approval of the Court, as follows:

**WHEREAS**, Plaintiffs commenced this action by filing a class action Complaint on July 21, 2026 (the "Complaint") [Dkt. 1];

**WHEREAS**, Defendants have agreed to waive formal service of the summons and Complaint pursuant to Federal Rule of Civil Procedure 4(d), subject to the terms set forth herein, and Plaintiffs have agreed to the requested extension of time to respond to the Complaint in exchange for that waiver, consistent with Rule 4(d)(3);

**WHEREAS**, this action is subject to the Private Securities Litigation Reform Act of 1995, 15 U.S.C. § 78u-4, et seq. ("PSLRA"), which sets forth the timing and procedure for publishing

notice to the putative class, appointing a lead plaintiff, and approving lead counsel to represent the putative class;

**WHEREAS**, the PSLRA provides that any member of the putative class may move the Court to serve as lead plaintiff within sixty (60) days after notice is published pursuant to 15 U.S.C. § 78u-4(a)(3)(A);

**WHEREAS**, the Parties agree that it would be efficient and would conserve the resources of the Parties and the Court to defer Defendants' obligation to answer, move, or otherwise respond to the Complaint until after a lead plaintiff is appointed and lead counsel is approved pursuant to the PSLRA, and until the operative complaint in this action is determined;

**WHEREAS**, the Parties wish to reserve all rights, arguments, and defenses with respect to the further conduct of this action, including as to any amended or consolidated complaint that may be filed following the appointment of a lead plaintiff;

**NOW, THEREFORE**, consistent with their obligations under the PSLRA and the Federal Rules of Civil Procedure, the Parties, through their undersigned counsel, stipulate and agree, subject to the approval of the Court, that:

**Waiver of Service**. Defendants waive formal service of the summons and Complaint in this action. Defendants' agreement to waive service is made solely for purposes of this action and does not constitute a waiver of any objection, defense, or argument available to Defendants, including as to personal jurisdiction, venue, or sufficiency of process or service of process, other than sufficiency of service accomplished by this waiver.

**Deferral of Response Deadline**. Defendants are under no obligation to answer, move against, or otherwise respond to the Complaint, and their time to do so is stayed, pending the appointment of a lead plaintiff and approval of lead counsel pursuant to the PSLRA and the filing

of an operative complaint (whether the existing Complaint, a consolidated complaint, or an amended complaint).

**Post-Appointment Conference**. No later than fourteen (14) days after the Court appoints a lead plaintiff and approves lead counsel pursuant to the PSLRA, counsel for Defendants and lead counsel for the putative class shall meet and confer regarding a schedule for the filing of an operative complaint and Defendants' response thereto.

**Joint Status Report**. No later than twenty-one (21) days after the Court appoints a lead plaintiff and approves lead counsel pursuant to the PSLRA, the Parties shall submit a Joint Status Report setting forth a proposed schedule, including deadlines for the filing of an operative complaint and Defendants' response thereto, and identifying any matters on which the Parties are unable to agree.

**Reservation of Rights**. Nothing in this Stipulation shall be construed as a waiver by any Party of any right, claim, cause of action, or defense that is not expressly addressed herein, including without limitation any Defendant's right to move to dismiss, contest personal jurisdiction or venue, seek transfer, or otherwise respond to any operative complaint once filed. Nor shall anything in this Stipulation be deemed an admission by any Party regarding the merits of any claim or defense, the propriety of class certification, or the identity of an appropriate lead plaintiff or lead counsel.

**No Waiver of Future Objections**. Nothing in this Stipulation limits the right of any Defendant to object to any subsequently filed complaint on any ground, including timeliness, sufficiency, or scope, except that Defendants shall not challenge the timeliness of service based on the period during which this Stipulation is in effect.

Court Approval. This Stipulation is subject to the approval of the Court and shall become effective upon entry of the accompanying [Proposed] Order.

**IT IS SO STIPULATED.**

| | |
|---|---|
| DATED: September 22, 2026 | KENDALL LAW GROUP, PLLC |
| | /s/ Joe Kendall |
| | Joe Kendall<br>TX State Bar No. 11260700<br>3811 Turtle Creek Blvd., Suite 825<br>Dallas, Texas 75219<br>Telephone: 214.744.3000<br><br>*Attorneys for Plaintiffs Boston Retirement System and NS Pension Public Equity Fund* |

| | |
|---|---|
| DATED: September 22, 2026 | SHEPPARD, MULLIN, RICHTER & HAMPTON LLP |
| | /s/ William B. Mateja |
| | William B. Mateja<br>TX State Bar No. 13185350<br>bmateja@sheppard.com<br>Jason C. Hoggan<br>TX State Bar No. 24083188<br>jhoggan@sheppard.com<br>2200 Ross Avenue, 20th Floor<br>Dallas, Texas 75201<br>Telephone: 469.391.7400<br>Fax: 469.391.7401<br><br>*Local Counsel for Defendants Primoris Services Corporation, Koti Vadlamudi, David King, Ken Dodgen, and Jeremy Kinch* |

| | |
|---|---|
| DATED: September 22, 2026 | WILMER CUTLER PICKERING HALE AND DORR LLP |
| | /s/ Timothy J. Perla |
| | Timothy J. Perla (pro hac vice forthcoming)<br>60 State Street<br>Boston, Massachusetts 02109<br>Telephone: 617.526.6000<br>timothy.perla@wilmerhale.com<br><br>Michael G. Bongiorno (pro hac vice forthcoming)<br>250 Greenwich Street<br>New York, New York 10007<br>Telephone: 212.937.7220<br>michael.bongiorno@wilmerhale.com<br><br>Katie Moran (pro hac vice forthcoming)<br>350 South Grand Avenue, Suite 2400<br>Los Angeles, California 90071<br>Telephone: 213.443.5381<br>katie.moran@wilmerhale.com<br><br>*Attorneys for Defendants Primoris Services Corporation, Koti Vadlamudi, David King, Ken Dodgen, and Jeremy Kinch* |

**CERTIFICATE OF SERVICE**

I hereby certify that a copy of the foregoing has been served upon all counsel of record via the Court's electronic filing system on September 22, 2026.

/s/ William B. Mateja____________
William B. Mateja